United States District Court
Southern District of Texas
**ENTERED**
February 07, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| RODI MARINE, LLC, *et al.*, § § | |
| Plaintiffs. § § | |
| V. § | CIVIL ACTION NO. 3:22-cv-00403 |
| § | |
| LIGHTHOUSE MARINE, LLC, *et al.*, § § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before me is Plaintiffs' Motion for Partial Summary Judgment with Regard to Loss-of-Use Damages. Dkt. 25. Plaintiffs ask me to hold that they are "legally entitled to ask the jury for loss-of-use damages, if [they] prov[e] . . . a tort claim against [Defendants]." *Id.* at 12. Defendants oppose the motion, arguing it is nothing more than "an impermissible request for an advisory opinion, seeking judicial advice on hypothetical recovery premised on unproven, future findings of potential liability." Dkt. 30 at 1.

The purpose of partial summary judgment is "to root out, narrow, and focus the issues" prior to trial. *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993). That purpose is not served by using summary judgment as a vehicle for obtaining rulings on issues that may never have to be addressed. "[D]amages issues need not be dealt with unless liability is established. Therefore, addressing damages questions before that juncture may be a waste of judicial time." *Marshall Contractors, Inc. v. Peerless Ins. Co.*, 827 F. Supp. 91, 93 (D.R.I. 1993); *see also Robson v. Duckpond Ltd.*, No. 4:19-cv-01862, 2021 WL 1222429, at *8 (E.D. Mo. Mar. 31, 2021) ("Awarding partial summary judgment . . . on Defendants' damage claims would constitute an improper advisory opinion."); *Coy v. No Limits Educ.*, No. 15-cv-93, 2016 WL 7911333, at *3 (D. Minn. Dec. 9, 2016) ("The Court will not

offer an advisory opinion on the applicability of various damages theories that might apply in the alternative.").

This motion is really a tempest in a teapot. The parties agree that loss-of-use damages for tort claims are available under Texas law in the event of a total loss. *See* Dkt. 25 at 12; Dkt. 30 at 1. Indeed, Texas law is crystal clear on this point. *See J & D Towing, LLC v. Am. Alt. Ins. Corp.*, 478 S.W.3d 649, 676 (Tex. 2016) ("[T]he owner of personal property that has been totally destroyed may recover loss-of-use damages."). Ultimately, this case will turn on whether liability exists. If Defendants are liable, the trier-of-fact will be able to determine what, if any, damages should be awarded under basic principles of Texas law. I need not dive headfirst into those waters at this time.

Plaintiffs' Motion for Partial Summary Judgment with Regard to Loss-of-Use Damages is **DENIED**.

SIGNED this 7th day of February 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE