Case 3:22-cv-00403   Document 48   Filed on 04/05/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RODI MARINE, LLC, *et al.*, § § Plaintiffs. § § V. § LIGHTHOUSE MARINE, LLC, *et al.*, § § Defendants. § § § § § | CIVIL ACTION NO. 3:22-cv-00403 |

## OPINION AND ORDER

Defendants Lighthouse Marine, LLC ("Lighthouse") and Peninsula Marine, Inc. ("Peninsula") (collectively, "Defendants") have filed a Motion for Leave to Designate John Doe as a Responsible Third Party ("Motion for Leave"). Dkt. 37. Defendants seek to designate "unidentified arsonists (collectively 'John Doe') as responsible third parties for the purposes of determining and allocating responsibility in this lawsuit." *Id.* at 2. Plaintiffs oppose the motion as to Lighthouse, arguing Lighthouse failed to timely designate John Doe as a responsible third party.

## BACKGROUND

This lawsuit arises out of a fire that occurred on October 22, 2022 at Lighthouse's shipyard in Port Bolivar, Texas. That fire destroyed the M/V MS MONICA, a vessel owned by Boat Services of Galveston, Inc. ("BSOG") and chartered to Rodi Marine, LLC ("Rodi Marine"). BSOG and Rodi Marine (collectively, "Plaintiffs") filed the instant lawsuit against Lighthouse on November 22, 2022, alleging Lighthouse was at fault for the loss of the M/V MS MONICA.[1] On January 18, 2023, Lighthouse filed its original answer.

---

[1] Although not directly relevant to the current motion, Jubilee Sailing, LLC has filed a Complaint in Intervention against Lighthouse for the loss of its vessel, the S/V NINO, during the same October 22, 2022 fire. *See* Dkt. 15.

On November 30, 2023, Plaintiffs filed their First Superseding and Amended Complaint for Compensatory and Punitive Damages ("Amended Complaint"). Dkt. 22. In the Amended Complaint, Plaintiffs added Peninsula as a defendant. The Amended Complaint seeks recovery of damages under both federal maritime law and Texas law.

On January 2, 2024, Lighthouse filed its answer to the Amended Complaint. *See* Dkt. 28. Also on January 2, 2024, Peninsula filed its original answer ("Peninsula's Original Answer"). *See* Dkt. 29.

On January 22, 2024, a few weeks after filing their answers to the Amended Complaint, Defendants filed the Motion for Leave, asking to designate John Doe as a responsible third party pursuant to § 33.004(j) of the Texas Civil Practice and Remedies Code. *See* Dkt. 37. Defendants allege that the October 22, 2022 fire that resulted in the complete destruction of the M/V MS MONICA and the S/V NINO "was started and caused by the actions of unknown arsonists, who set fire to the NINO. Prevailing winds then caused the flames from the NINO to spread to the MS MONICA." *Id.* at 1–2. Defendants further contend that "[s]ecurity footage from the scene shows trespassing arsonists . . . on the property near the NINO immediately prior to the fire," but "due to the quality of the security footage, any identifiable traits of John Doe are not ascertainable." *Id.* at 3. Additionally, Defendants note that "[o]fficial police reports conclude that the cause of the fire was arson." *Id.*

## ANALYSIS

**A.    DESIGNATION OF JOHN DOE AS A RESPONSIBLE THIRD PARTY UNDER TEXAS LAW**

Under Texas law, the designation of responsible third parties is governed by § 33.004 of the Texas Civil Practice and Remedies Code.[2] If a person is designated

---

[2] Because I am exercising supplemental jurisdiction over Plaintiffs' state law claims, I am required by the *Erie* doctrine to apply state substantive law and federal procedural law to those claims. *See Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989) ("A federal court exercising pendent jurisdiction over state

as a responsible third party, that person is to be included in the list of parties the jury may consider for allocation of responsibility for Plaintiffs' damages. *See* TEX. CIV. PRAC. & REM. CODE § 33.003(a)(4). Technically speaking, a responsible third party "is not really a 'party,' and he is not really 'responsible.' He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability." David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 870 (2005) (quoting BLACK'S LAW DICTIONARY 1010 & 1180 (5th ed. 1979)). Nonetheless, designation of a responsible third party can dramatically impact the amount a plaintiff recovers in a lawsuit because a defendant "is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the . . . harm for which the damages are allowed." TEX. CIV. PRAC. & REM. CODE § 33.013(a).

Section 33.004(j) provides a specialized procedure for the designation of unknown parties who are alleged to have committed criminal acts. This section provides:

> Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
> (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;
>
> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>
> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

---

law claims[] must apply the substantive law of the state in which it sits."). "[S]ection 33.004 does not lose its applicability to Plaintiffs' state law claims merely because those claims are asserted along with a federal claim." *Ramirez v. Abreo*, No. 5:09-cv-189, 2010 WL 11565455, at *3 (N.D. Tex. May 27, 2010).

*Id.* § 33.004(j).

To summarize, in order to designate an unknown person as a responsible third party under Texas law, a defendant must, within 60 days of filing its original answer, file an answer including (1) an allegation that an unknown person committed a criminal act that was a cause of the loss; and (2) each known identifying characteristic of the unknown person. *See id.* If a party fails to follow these requirements, it cannot designate an unknown person as a responsible third party. *See In re Gonzales*, 619 S.W.3d 259, 262 (Tex. 2021) (holding that when a litigant fails to "timely and adequately satisfy" the requirements of § 33.004(j), the trial court is prohibited from granting leave to designate an unknown person as a responsible third party).

### B. PENINSULA'S DESIGNATION OF JOHN DOE AS A RESPONSIBLE THIRD PARTY

To start, it is abundantly clear that Peninsula has, at this early juncture of the case, properly designated John Doe as a responsible third party. Importantly, Plaintiffs have not objected to Peninsula's designation of John Doe as a responsible third party. This, taken alone, means I must grant Peninsula leave to designate John Doe as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.").[3]

---

[3] A trial court's grant of a motion for leave to designate a responsible third party does not end the procedure:

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

*Id.* § 33.004(l).

Even if Plaintiffs had timely objected to Peninsula's designation of John Doe as a responsible third party, such an objection would not succeed. Peninsula satisfies the timing and pleading requirements to designate John Doe as a responsible third party. As far as timing is concerned, Plaintiffs first named Peninsula as a defendant in the Amended Complaint filed on November 30, 2023. *See* Dkt. 22. Peninsula filed its Original Answer on January 2, 2024. *See* Dkt. 29. The instant Motion for Leave was filed on January 22, 2024, well within the required 60 days of the filing of Peninsula's Original Answer.[4] *See* TEX. CIV. PRAC. & REM. CODE § 33.004(j).

With respect to the pleading requirements, the allegations contained in Peninsula's Original Answer and Motion for Leave are sufficient for me to determine that there is a reasonable probability that an unknown person committed a criminal act—in this case, arson—that was a cause of Plaintiffs' loss. *See In re J & R Multifamily Grp. Ltd.*, No. 01-23-00323-cv, 2024 WL 371107, at *4 (Tex. App.—Houston [1st Dist.] Feb. 1, 2024, no pet. h.) ("In considering whether a defendant has pleaded sufficient facts under section 33.004(j), a trial court may consider those facts alleged in the answer and in the motion for leave to designate the unknown person."). Peninsula has provided all the known identifying characteristics of John Doe, thus satisfying the requirements set forth by § 33.004(j) for the designation of an unknown person as a responsible third party. Accordingly, Peninsula's request for leave to designate John Doe as a responsible third party is **GRANTED**.

---

[4] Although the Fifth Circuit has yet to address whether the 60-day requirement of § 33.004(j) should be considered procedural or substantive under the *Erie* doctrine, the distinction is not pertinent here. If the 60-day requirement is procedural, (and federal law applies), the Motion for Leave is also timely since the deadline to file a non-dispositive motion, as set forth in the Docket Control Order, is May 17, 2024. *See* Dkt. 21.

5

## C. LIGHTHOUSE'S DESIGNATION OF JOHN DOE AS A RESPONSIBLE THIRD PARTY

Plaintiffs argue Lighthouse's designation of John Doe as a responsible third party should be denied because it is untimely. As discussed, § 33.004(j) requires a motion for leave to designate the unknown person as a responsible third party be filed "not later than 60 days after the filing of the defendant's original answer." TEX. CIV. PRAC. & REM. CODE § 33.004(j). Plaintiffs note that Lighthouse filed its "original answer" to Plaintiffs' Complaint for Damages on January 18, 2023, *see* Dkt. 7, but did not seek to designate a responsible third party until more than a year later, on January 22, 2024. *See* Dkt. 37. Lighthouse contends its Motion for Leave is timely because it was filed within 60 days of Lighthouse's "original answer," *see* Dkt. 28, to Plaintiffs' Amended Complaint. *See* Dkt. 22. In Lighthouse's view, the Amended Complaint, filed on November 30, 2023, represented the first time Plaintiffs brought state law claims for relief. Because Lighthouse filed its "original answer" to the Amended Complaint on January 2, 2024, and then filed the Motion for Leave a mere 20 days later, Lighthouse insists its designation is timely.

Although the parties' respective positions raise a fascinating academic debate on the meaning of the phrase "original answer,"[5] I need not wander down

---

[5] As far as I can tell, there are no Texas cases addressing what the term "original answer" in § 33.004(j) means. A number of federal courts have, however, opined on what an "original answer" is in the context of Rule 14, which provides that a "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." FED. R. CIV. P. 14(a)(1). In addressing this issue, some federal courts have taken the liberal view that an amended complaint "becomes the original complaint" and "an answer to such a complaint is the original answer." *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1387 (N.D. Cal. 1980). The overwhelming majority of courts, however, have adopted "a more nuanced, functional reading" that the "original answer" is the first answer a defendant is entitled to file in response to an amended complaint so long as the amended complaint adds new theories of liability. *FTC v. Cap. City Mortg. Corp.*, 186 F.R.D. 245, 247 (D.D.C. 1999); *see also Omodunbi v. Gordin & Berger, P.C.*, No. 17-7553, 2022 WL 1115276, at *6 (D.N.J. Apr. 14, 2022); *United Nat'l Ins. Corp. v. Jefferson Downs Corp.*, 220 F.R.D. 456, 458 (M.D. La. 2003).

6

that road to determine whether Lighthouse's designation of an unknown person as a responsible third party is proper in this case. Because I have already determined—indeed, it is undisputed—that Peninsula has properly designated John Doe as a responsible third party, Lighthouse may rely on that successful designation because Lighthouse and Peninsula are alleged to have contributed to causing the same harm. Put another way, Lighthouse may piggyback onto Peninsula's designation of John Doe as a responsible third party.

The leading case addressing this issue is *Coachmen Industries, Inc. v. Alternative Service Concepts L.L.C.*, No. H-06-0892, 2008 WL 2787310 (S.D. Tex. July 15, 2008). Coachmen initially filed suit against Alternative Service Concepts, LLC ("ASC"), a third-party insurance claims administrator, alleging, among other things, a negligence cause of action. *See id.* at *1. ASC subsequently named Willis of Illinois, Inc. ("Willis"), Stewart Smith Mid-America ("Stewart Smith"), and Charles A. Watson ("Watson") as responsible third parties pursuant to the Texas Civil Practice and Remedies Code. *See id.* A short time later, Coachmen added Willis as a defendant. *See id.* Coachmen eventually settled its dispute with ASC, leaving Willis as the sole defendant in the case. *See id.* As the case headed to trial, Willis then sought to name Stewart Smith and Watson as responsible third parties. *See id.* Although United States District Judge Nancy F. Atlas found that Willis's designation of Stewart Smith and Watson as responsible third parties untimely, she went on to examine whether the "language [of § 33.004] implies that parties designated by one defendant are also available to non-moving defendants for apportionment of liability, at least where the defendants are being sued for recovery for the same harm." *Id.* at *2.

Looking at the statutory text, Judge Atlas concluded "that any defendant may seek to apportion responsibility for 'harms' for which the responsible third parties were initially designated." *Id.* at *3.

> Accordingly, *once leave has been granted to designate a responsible third party, that designated party is available for apportionment of fault by any defendant*, provided that-after discovery and prior to

7

>   submission of the case to a factfinder, and upon a motion to strike the designation due to lack of evidence-some defendant points the court to evidence sufficient to raise a genuine issue of fact regarding the designated party's potential liability for the plaintiff's harm, as that "harm" was initially defined and supported by the moving defendant.

*Id.* (emphasis added). Since Judge Atlas's *Coachmen* decision more than 15 years ago, a number of federal courts have followed her reasoning in holding that a person designated by one defendant as a responsible third party is available for apportionment of fault by any other defendant. *See Loquasto v. Fluor Corp.*, 512 F. Supp. 3d 728, 736 (N.D. Tex. 2021); *Arvie v. Dodeka, LLC*, No. H-09-1076, 2011 WL 1750242, at *5 (S.D. Tex. May 4, 2011). I adopt this reasoning as well. Because Peninsula designated John Doe as a responsible third party, John Doe is available for apportionment of fault by Lighthouse as well.

## CONCLUSION

For the reasons explained above, Peninsula's request to designate John Doe as a responsible third party is **GRANTED**. Because Lighthouse may rely on Peninsula's designation of John Doe as a responsible third party, Lighthouse's request to designate John Doe as a responsible third party is **DENIED AS MOOT**.

SIGNED this 5th day of April 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE