United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| RODI MARINE, LLC, *et al.*, | § § | |
| Plaintiffs. | § § | |
| V. | § § | CIVIL ACTION NO. 3:22-cv-00403 |
| LIGHTHOUSE MARINE, LLC, *et al.*, | § § § | |
| Defendants. | § | |

## OPINION AND ORDER

I must determine whether the trial in this case will be held before the bench or a jury.

In their Amended Complaint, Rodi Marine, LLC and Boat Services of Galveston, Inc. (collectively, "Plaintiffs") bring two sets of claims: (1) an admiralty claim for breach of a maritime contract for vessel repairs; and (2) state law negligence and bailment. Plaintiffs request a trial by jury. Lighthouse Marine, LLC and Peninsula Marine, Inc. (collectively, "Defendants") oppose this request.

In a Motion to Strike Jury Demand, Defendants argue that Plaintiffs have "no automatic right to a jury trial in federal court; they must demonstrate a non-admiralty basis of subject matter jurisdiction—such as diversity or federal question jurisdiction—before [they] may demand a jury for those claims." Dkt. 52 at 4. It is undisputed that the only basis for this court's subject matter jurisdiction is admiralty jurisdiction. Plaintiffs have not pleaded diversity jurisdiction or federal question jurisdiction. Instead, Plaintiffs ask me to exercise supplemental jurisdiction over their state law claims. *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction exists over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Because Plaintiffs concede that

admiralty is the sole source of subject matter jurisdiction, Defendants insist that Plaintiffs are not entitled to a trial by jury. I concur.

The United States Constitution extends the judicial power of federal courts "to all Cases of admiralty and maritime Jurisdiction." U.S. CONST. art. III, § 2, cl. 1. "Numerous and important consequences flow from whether a district court treats a case as falling under admiralty or diversity jurisdiction." *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983) (explaining the procedural and substantive consequences of proceeding in admiralty). Among those, the Seventh Amendment's right to trial by jury does not extend to suits in admiralty. *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963); *Waring v. Clarke*, 46 U.S. 441, 460 (1847).

A litigant who brings claims that arise under admiralty jurisdiction and some other basis of federal jurisdiction—federal question jurisdiction or diversity jurisdiction—has a decision to make. Does he proceed under admiralty jurisdiction (with no right to a jury trial) or federal question/diversity jurisdiction (with the right to a jury trial)? "A plaintiff with a claim cognizable in the district court's admiralty/maritime jurisdiction and also cognizable in another basis of jurisdiction may invoke whichever jurisdiction he desires." *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989). Federal Rule of Civil Procedure 9 describes how a plaintiff manifests this choice:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

FED. R. CIV. P. 9(h)(1). Although it is preferable that a plaintiff seeking to invoke admiralty jurisdiction include a statement in his pleading identifying a claim "as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims," *id.*, the inclusion of such language is not required. To elect admiralty jurisdiction, the live complaint

2

must simply include "a statement identifying the claim as an admiralty or maritime claim." *T.N.T. Marine*, 702 F.2d at 587.

Plaintiffs' Amended Complaint specifies that this court "has jurisdiction . . . pursuant to 28 U.S.C. § 1333," which gives district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." Dkt. 22 at 1. Plaintiffs specify no other basis for this court's jurisdiction. "A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." FED. R. CIV. P. 9(h)(1). In the Fifth Circuit, "a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules." *Luera v. M/V Alberta*, 635 F.3d 181, 189 (5th Cir. 2011).

Had Plaintiffs brought claims under general federal jurisdiction—that is, diversity or federal question jurisdiction—*and* admiralty jurisdiction, they would have, unquestionably, been able to "choose between admiralty jurisdiction—leading to a bench trial pursuant to admiralty's nonjury tradition—or general federal jurisdiction—leading to a jury trial pursuant to constitutional or statutory rights." Billy Coe Dyer, Note, *The Jury on the Quarterdeck: The Effect of Pleading Admiralty Jurisdiction When A Proceeding Turns Hybrid*, 63 TEX. L. REV. 533, 534 (1984). But here, Plaintiffs seek a jury trial when the sole basis for subject matter jurisdiction is admiralty jurisdiction.

Plaintiffs assert that, under the express language of Rule 9(h), they can choose whether to proceed with admiralty jurisdiction when "'a claim for relief is within the admiralty or maritime jurisdiction *and also within the court's subject-matter jurisdiction on some other ground*.'" Dkt. 55 at 3 (quoting FED. R. CIV. P. 9(h)(1) (emphasis added)). That is a correct statement of law, but Plaintiffs overlook that a claim brought under supplemental jurisdiction is not "within the court's subject-matter jurisdiction on some other ground." FED. R. CIV. P. 9(h)(1). It is black letter law that "[t]he supplemental-jurisdiction statute [28 U.S.C. § 1367]

must simply include "a statement identifying the claim as an admiralty or maritime claim." *T.N.T. Marine*, 702 F.2d at 587.

Plaintiffs' Amended Complaint specifies that this court "has jurisdiction . . . pursuant to 28 U.S.C. § 1333," which gives district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." Dkt. 22 at 1. Plaintiffs specify no other basis for this court's jurisdiction. "A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated." FED. R. CIV. P. 9(h)(1). In the Fifth Circuit, "a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules." *Luera v. M/V Alberta*, 635 F.3d 181, 189 (5th Cir. 2011).

Had Plaintiffs brought claims under general federal jurisdiction—that is, diversity or federal question jurisdiction—*and* admiralty jurisdiction, they would have, unquestionably, been able to "choose between admiralty jurisdiction—leading to a bench trial pursuant to admiralty's nonjury tradition—or general federal jurisdiction—leading to a jury trial pursuant to constitutional or statutory rights." Billy Coe Dyer, Note, *The Jury on the Quarterdeck: The Effect of Pleading Admiralty Jurisdiction When A Proceeding Turns Hybrid*, 63 TEX. L. REV. 533, 534 (1984). But here, Plaintiffs seek a jury trial when the sole basis for subject matter jurisdiction is admiralty jurisdiction.

Plaintiffs assert that, under the express language of Rule 9(h), they can choose whether to proceed with admiralty jurisdiction when "'a claim for relief is within the admiralty or maritime jurisdiction *and also within the court's subject-matter jurisdiction on some other ground*.'" Dkt. 55 at 3 (quoting FED. R. CIV. P. 9(h)(1) (emphasis added)). That is a correct statement of law, but Plaintiffs overlook that a claim brought under supplemental jurisdiction is not "within the court's subject-matter jurisdiction on some other ground." FED. R. CIV. P. 9(h)(1). It is black letter law that "[t]he supplemental-jurisdiction statute [28 U.S.C. § 1367]

is not a source of original subject-matter jurisdiction." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) (quotation omitted); *see also* 13D CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3567 (3d ed. 2019) (Supplemental "jurisdiction permits a federal court to entertain a *claim* over which it would have no independent basis of subject matter jurisdiction. . . . Accordingly, supplemental jurisdiction does not—and cannot— operate to get a *case* into federal court. Rather, it becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction.").

For this reason, every federal court to examine the issue has held that "there is no right to a jury trial in federal court for claims based solely in admiralty jurisdiction and supplemental jurisdiction." *Matter of Lasala*, No. CIV.A. 18-11057, 2021 WL 5763766, at *6 (E.D. La. Mar. 24, 2021) (cleaned up); *see also Tallentire v. Offshore Logistics, Inc.*, 754 F.2d 1274, 1287 (5th Cir. 1985) ("Since, in either instance [plaintiff's] case would be in federal court solely by virtue of admiralty jurisdiction, [plaintiff] has no right to a trial by jury."); *Churchill v. F/V Fjord*, 892 F.2d 763, 769 (9th Cir. 1988) (holding that plaintiffs were not entitled to a jury trial on claims based in admiralty and supplemental jurisdiction because "to hold otherwise would contravene the manifest purpose of Federal Rule of Civil Procedure 38(e) by allowing jury trials in admiralty cases in which plaintiffs allege a pendent state law claim"); *Port of S. La. v. Tri-Par. Indus., Inc.*, No. CIV.A. 11-3065, 2013 WL 2394859, at *4 (E.D. La. May 28, 2013) ("Plaintiff cites no authority, nor can this Court find any, that extends the right to a jury trial based solely upon the inclusion of an ancillary veil-piercing claim in an admiralty suit. Allowing this matter to be tried before a jury would be fundamentally discordant with centuries of established maritime procedure."); *Weeks v. Reliance Ins. Co. of N.Y.*, No. 81 Civ. 3479, 1985 WL 462, at *3 (S.D.N.Y. Mar. 28, 1985) ("[T]his admiralty action on a policy of marine insurance, coupled with a pendent common law claim of no independent federal jurisdictional basis, carries with it no right to

trial by jury.").[1] I will not stand in the way of this avalanche of case law. As Defendants note, there is a good reason why no court has ever held that a plaintiff in an admiralty proceeding is entitled to a jury trial on supplemental state law claims: "if supplemental jurisdiction alone created a right to a jury trial, then admiralty's longstanding rule of non-jury trials would be effectively destroyed." Dkt. 56 at 3 (emphasis omitted).

The tradition of non-jury trials in admiralty actions is long and deeply ingrained. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 369 (1959). Because "admiralty is the sole source of subject matter jurisdiction, [Plaintiffs have] no enforceable right to trial by jury." *Weeks*, 1985 WL 462, at *2. Defendants' Motion to Strike Jury Demand (Dkt. 52) is **GRANTED**. This case will be tried to the bench.

SIGNED this 25th day of June 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Weeks*, the court contemplated that even a supplemental claim's jury right should be preserved when the injury asserted is physical damage or death. *See* 1985 WL 462, at *3. Neither of those circumstances are at issue here.