Case 3:22-cv-00403   Document 64   Filed on 07/24/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODI MARINE, LLC, *et al.*, | § § § | |
| Plaintiffs. | § § | |
| V. | § § | CIVIL ACTION NO. 3:22-cv-00403 |
| LIGHTHOUSE MARINE, LLC, *et al.*, | § § § | |
| Defendants. | § | |

## **AMENDED OPINION AND ORDER**

Pending before me are competing motions for partial summary judgment. *See* Dkts. 44, 45. Defendant Lighthouse Marine, LLC ("Lighthouse") "seek[s] dismissal of [Plaintiffs'] claims that Lighthouse breached an implied warranty of workmanlike performance." Dkt. 44 at 1. Meanwhile, Plaintiffs Rodi Marine, LLC ("Rodi") and Boat Services of Galveston, Inc. ("BSOG"), along with Intervenor Plaintiff Jubilee Sailing, LLC ("Jubilee"),[1] request a finding that Lighthouse has breached (1) the implied warranty of workmanlike performance; and (2) its bailment obligations to Plaintiffs. Having reviewed the briefing, the record, and the applicable law, I **DENY** both motions.

## BACKGROUND

This lawsuit arises from a fire that occurred on October 22, 2022, at Lighthouse's shipyard in Port Bolivar, Texas. The fire, which was set by one or more unknown arsonists who trespassed on Lighthouse's property, resulted in the complete loss of the M/V MS MONICA and the S/V NINO. BSOG owned the M/V MS MONICA. Jubilee owned the S/V NINO. Following the fire, Rodi obtained title to the M/V MS Monica along with an assignment of BSOG's rights related to that vessel.

---

[1] I will refer to Rodi, BSOG, and Jubilee, collectively, as "Plaintiffs."

Before the fire, the M/V MS MONICA and the S/V NINO were brought to Lighthouse's shipyard for repairs. Lighthouse, however, did not perform the repairs. The shipowners retained third-party contractors unaffiliated with Lighthouse to complete the repairs. Lighthouse simply provided space in its shipyard for the work to be completed, hauled out and blocked each vessel, and provided shore power as needed. Lighthouse also sandblasted and painted the M/V MS MONICA.

Plaintiffs assert claims against Lighthouse for negligence, breach of the implied warranty of workmanlike performance, and breach of bailment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under the governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007) (quotation omitted). In ruling on a motion for summary judgment, I must "view the evidence in the light

most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## ANALYSIS

### A.   IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE

Plaintiffs allege Lighthouse breached "the implied warranty of workmanship present in all maritime contracts for repair of vessels." Dkt. 22 at 3. Both sides move for summary judgment on this cause of action. Lighthouse argues Plaintiffs' implied warranty of workmanlike performance claim fails as a matter of law "because the scope of the agreements between Plaintiffs and Lighthouse, if any, did not encompass repair work or other services that proximately caused the fire and/or resulting damage to Plaintiffs' vessels." Dkt. 44 at 3. Plaintiffs, meanwhile, contend that a shipyard owner who fails "to operate a shipyard competently" breaches the implied warranty of workmanlike performance. Dkt. 45 at 3.

The legal framework for an implied warranty of workmanlike performance claim is well-defined. "To recover from a contractor for breach of an implied warranty of workmanlike performance, a shipowner must prove that the contractor breached the warranty, and that the breach proximately caused the injury." *Butterfly Transp. Corp. v. Bertucci Indus. Servs., LLC*, 351 F. App'x 855, 858 (5th Cir. 2009). "[S]hore-based contractors who go aboard a vessel by the owner's arrangement or by his consent to perform service for the ship's benefit impliedly warrant to the shipowner that they will accomplish their task in a workmanlike manner." *Parfait v. Jahncke Serv., Inc.*, 484 F.2d 296, 301 (5th Cir. 1973). The implied warranty of workmanlike performance is breached when a contractor fails to perform its obligations "properly and safely." *Id.* (quotation omitted). The contractor is therefore "obligated to properly perform 'the essence' or 'inescapable elements' of its contract with the [o]wners." *Butterfly Transp. Corp.*, 351 F. App'x at 858 (quotation omitted). In determining whether the "essence" of the contract was performed, I must consider "*both* a general standard of reasonable care and the contract's specific obligations." *Id.*

3

The Fifth Circuit has explained that a district "court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." *Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (observing that a district court has discretion to deny summary judgment where "there is reason to believe that the better course would be to proceed to a full trial"). In my estimation, the competing motions for summary judgment on the implied warranty of workmanlike performance issue "present[] questions that are better decided in the context of a trial, which the court itself will conduct as trier of fact." *Rodriguez v. Grand Prairie Indep. Sch. Dist.*, No. 3:13-cv-1788, 2014 WL 5350439, at *1 (N.D. Tex. July 9, 2014).

The scope of Lighthouse's implied warranty of workmanlike performance depends on the obligations that Lighthouse agreed to undertake for Plaintiffs. I would rather decide this issue after the parties fully present their positions at trial. I will then be in a much better position to decide the scope of Lighthouse's implied warranty of workmanlike performance, and to rule on whether Lighthouse has breached that warranty. Accordingly, I **DENY** the parties' motions for summary judgment on Plaintiffs' implied warranty for workmanlike performance claim.

**B.   BAILMENT**

Plaintiffs also seek summary judgment on their bailment claim. At this time, I need not decide whether Texas state law or federal maritime law governs Plaintiffs' bailment claim. That is a question I look forward to discussing with the parties at trial. But whether Texas state law or federal maritime law applies, Plaintiffs have not shown that they are entitled to summary judgment.

The Fifth Circuit has defined a bailment as:

> A delivery of goods or personal property, by one person to another, in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such

object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose of the trust.

*T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir. 1983) (cleaned up). In Texas, "[a] bailment relationship generally requires: (1) a contract, either express or implied; (2) delivery of property to the bailee; and (3) acceptance of the property by the bailee." *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 921 F. Supp. 2d 697, 726 (S.D. Tex. 2013).

Thus, to prevail on their bailment claim, Plaintiffs must first establish that a bailment relationship existed. Lighthouse maintains "[t]he evidence in this case conclusively shows that Plaintiffs never relinquished control of their property to Lighthouse and that Lighthouse never took control of Plaintiffs' property." Dkt. 47 at 13. At most, Lighthouse asserts, it provided space at its shipyard for Plaintiffs to store their vessels. Because there is a genuine dispute of material fact as to whether Plaintiffs delivered the vessels into Lighthouse's possession, and whether Lighthouse accepted the same, Plaintiffs' motion for summary judgment on their bailment claim is **DENIED**.

## CONCLUSION

For the reasons explained above, Lighthouse's motion for partial summary judgment (Dkt. 44) is **DENIED**, and Plaintiffs' motion for partial summary judgment (Dkt. 45) is **DENIED**. I look forward to seeing everyone at trial on August 12, 2024 in beautiful Galveston, Texas.

SIGNED this 24th day of July 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

5